# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EDWARD LANGER,
        Plaintiff,

    v.                                                                Case No. 04C1148

SECRETARY OF THE TREASURY,
        Defendant.

## DECISION AND ORDER

Pro se plaintiff Edward Langer brings this action under the Rehabilitation Act, 29 U.S.C. § 701 et seq., alleging that his former employer, the Internal Revenue Service ("IRS"), failed to reasonably accommodate his psychiatric disability when it declined to permit him to perform his duties as an employee of the Chicago District office, at his home in Milwaukee or at an office in Milwaukee away from that of the district counsel with whom he did not get along.[1] The IRS now moves for summary judgment.

## I. FACTS

Plaintiff's submissions are somewhat rambling, but I will attempt to disentangle them. Plaintiff worked for the Milwaukee office of the IRS from 1980 until 1999. In 1987, he became assistant district counsel. In 1997, plaintiff applied for the position of district counsel, but the IRS chose Mark Miller for the position. Miller became plaintiff's supervisor, and plaintiff found it difficult to work for him. As a result, the IRS decided to reassign

---

[1] In his complaint, plaintiff appears to allege other claims, e.g., gender discrimination. However, in his brief, plaintiff argues only that the IRS failed to accommodate his disability, so that is the only claim I will address. Claims not argued are waived. Pelfresne v. Vill. of Williams Bay, 917 F.2d 1017, 1023 (7th Cir. 1990).

plaintiff and gave him the opportunity to choose between St. Paul, Chicago and St. Louis. Plaintiff declined to make a selection, and in December 1998, the IRS reassigned him to Chicago, effective March 1, 1999.

In December 1998, plaintiff's psychiatrist diagnosed plaintiff with depression, and plaintiff took sick leave. In March 1999, the IRS informed plaintiff that its clerical staff would clean out his former office. Plaintiff requested that Miller and another employee, Bonnie Reuter, not supervise the removal of his files. The IRS declined the request but offered plaintiff the opportunity to clean out his office after business hours under Miller's supervision, an offer plaintiff rejected. Subsequently, the IRS mailed thirteen boxes of personal items to plaintiff's residence, but plaintiff alleges that the IRS did not send some items.

In 1999, plaintiff's condition improved somewhat, and in April, plaintiff asked the IRS to permit him to carry out his duties as an employee of the Chicago office while working out of his home in Milwaukee or out of an office in Milwaukee away from Miller. The IRS concluded that plaintiff could not perform all of his duties outside the office and, therefore, denied plaintiff's request. On July 28, 1999, plaintiff's psychiatrist cleared plaintiff to return to work, but plaintiff failed to report for duty in Chicago. Plaintiff admitted that he could have commuted to Chicago but declined to do so because he believed that the IRS was setting him up. In August 1999, the IRS proposed removing plaintiff for failing to appear for work and, on September 20, 1999, terminated him.

I will cite additional facts in the decision.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

The party moving for summary judgment bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may satisfy its initial burden simply by pointing out that there is an absence of evidence to support the non-moving party's case. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F .2d 1568, 1572 (7th Cir.1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U .S. 574, 587 (1986). However, it is "not required to draw every

3

conceivable inference from the record--only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir.1991).

### III. DISCUSSION

The Rehabilitation Act protects federal employees from disability discrimination. The Act is interpreted similarly to the Americans with Disabilities Act. Scheerer v. Potter, 443 F.3d 916, 919 (7th Cir. 2006). In order to prevail on his claim, plaintiff must show that: (1) he is a qualified individual with a disability; (2) the IRS was aware of his disability; and (3) the IRS failed to reasonably accommodate his disability. EEOC v. Sears, Roebuck & Co., 417 F.3d 789, 797 (7th Cir. 2005). To satisfy the "qualified individual with a disability" requirement, plaintiff must establish that he was qualified for the position and that he had a disability. To show that he was qualified for the position, he must prove that he could "perform the essential functions of the job." Winfrey v. City of Chicago, 259 F.3d 610, 615 (7th Cir. 2001). To demonstrate that he had a disability, plaintiff must prove that he "suffered from a substantial limitation on a major life activity." Scheerer, 443 F.3d at 919. "To meet this requirement, [plaintiff] must be able to show that during the pertinent time period he was either prevented or severely restricted from major daily tasks, such as walking, eating, sleeping, or sexual reproduction." Id.

Plaintiff makes claims relating to two different time periods, April 17, 1999 through July 28, 1999 and after July 28, 1999. He also makes a claim relating to the removal of his files.

Addressing first plaintiff's claim regarding the period between April 7, 1999 and July 28, 1999, plaintiff argues that the IRS failed to reasonably accommodate his disability when it declined to permit him to carry out his duties as an employee of the Chicago office,

4

while working out of his home in Milwaukee or at a Milwaukee office away from Miller. However, the claim fails because the evidence is such that no reasonable jury could conclude that during this period plaintiff was a qualified individual, i.e., that he could perform the essential functions of his job, within or without reasonable accommodation. Plaintiff testified in his deposition that he did not know how many hours he would be able to work. Nor did he indicate how long he would have to work outside the office. He also gave no assurance that he could perform his job assignments in a timely manner. Plaintiff's psychiatrist did not answer any of these questions and in fact stated that plaintiff was not well enough to commute to Chicago or to work under Miller. Thus, plaintiff does not establish that he could perform the essential functions of the job.

In addition, there is no evidence in the record to enable a reasonable factfinder to dispute the IRS's conclusion that plaintiff could not perform the essential functions of his job outside of the Chicago office. Courts generally should not second-guess an employer's judgment as to what is an essential function of a job. See Peters v. City of Mauston, 311 F.3d 835, 845 (7th Cir. 2002). Thus, the IRS's view that plaintiff had to be in the office to perform some of his duties is entitled to considerable respect. Further, plaintiff presents no evidence contradicting it. Moreover, "when an employee is unable to perform the essential function of attending his employment, few, if any, reasonable accommodations exist. In fact, if an employee cannot regularly attend work, the only imaginable accommodation is an open-ended schedule that allows the employee to come and go as he pleases." Amadio v. Ford Motor Co., 238 F.3d 919, 928 (7th Cir. 2001). Plaintiff states that the IRS permitted another employee to work at home, but the case he points to differs materially from his. That employee worked from home for a pre-arranged two months in

5

order to finish existing cases before retiring. Additionally, she regularly reported to the office and worked in the office for her last week.

For the foregoing reasons, the IRS had no duty to provide plaintiff his requested accommodation for the period between April 7, 1999 and July 28, 1999. I note also that the IRS did not terminate plaintiff during this period but granted him generous leave to facilitate his recovery. This further indicates the reasonableness with which it handled plaintiff's situation.[2]

Turning to the period after July 28, 1999, although plaintiff's psychiatrist cleared him to return, plaintiff never reported for work. Plaintiff acknowledged in his deposition that he could have commuted to Chicago but stated that he thought he was being set up. In any case, plaintiff presents no evidence that at this point he was disabled. Thus, the IRS had no duty to accommodate him.

Finally, plaintiff argues that the IRS failed to reasonably accommodate him by denying his request that someone other than Miller or Reuter oversee the removal of his files. The Rehabilitation Act requires that an employer provide a reasonable accommodation if it will enable a disabled employee to perform the essential functions of his job. "To 'accommodate' a disability is to make some change that will enable the disabled person to work." Vande Zande v. Wis. Dept. of Admin., 44 F.3d 538, 542 (7th Cir. 1995). The manner in which the IRS removed plaintiff's files had no effect on plaintiff's ability to work. Therefore, the IRS had no duty to accommodate him in connection with the

---

[2]I further note that the IRS was not required to allow plaintiff to work at a different location under a different supervisor. See Weiler v. Household Fin. Corp., 101 F.3d 519, 526 (7th Cir. 1996).

6

matter. I note also that plaintiff's complaint concerns only removal of his personal belongings. His work-related files remained IRS property.

## IV. CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion for summary judgment is **GRANTED,** and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin this 2 day of August, 2006.

/s_____
LYNN ADELMAN
District Judge